■ ROBERT M. DANN et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 50480.) — Judgment unanimously modified, on the law and facts, in accordance with memorandum and as modified affirmed, without costs. Memorandum: When this case was previously before us (40 A D 2d 578) it was unanimously modified and a new trial ordered as to damages from a partial taking of the " main unit " alone. Now that a second trial has been had, we find ourselves still confronted with the problem that necessitated modifying the award in the first place, namely, an inconsistency between the trial court's finding that the highest and best use of the property was as a dairy farm and dairy products processing plant and its valuing of the land based on sales of commercial and residential property to which was added the value found for the improvements. We noted that we could not modify the award on the " main unit " by eliminating the value of the improvements, since the highest and best use found by the trial

court was not inconsistent with an award for improvements (cf. *Van Kleeck* v. *State of New York*, 18 N Y 2d 897; *Spano* v. *State of New York*, 22 A D 2d 757). Both parties to this appeal contend that the highest and best use of the subject property as a dairy farm was fixed by us on the first appeal and has now become the law of the case. We cannot agree. The case was remitted for a consistent determination of land values without affirming or rejecting the trial court's dairy farm highest and best use finding. Upon the second trial the trial court has now properly decided, based on evidence in the record, that the highest and best use of the land is for commercial and residential purposes (building lots have already been sold for this purpose). The trial court on remand erred, though, both in subtracting the inconsistent milk production plant improvements from the land value and in reducing the land values without any evidence to support such a reduction. These errors can be corrected by disallowing any claim for the loss to milk production plant improvements (since these improvements have no effect on land whose highest and best use is for residential and commercial development), and by affirming the amply supported land valuation figures from the first trial whose record was stipulated into the record of the second trial. The trial court also erred at the second trial by increasing its valuation for buildings and equipment. No damages may be allowed for the loss in value for those buildings and equipment whose use was consistent with the dairy farm but inconsistent with the highest and best use for commercial and residential purposes. The award rendered below should, therefore, be modified to include compensation for the following damages resulting from this taking: land, as valued at first trial ($115,353); residential buildings (not part of milk plant — $68,170); and " Platt " properties (not questioned on either appeal — $18,000). The total of these figures is $201,523, which, with interest, represents the modified award. (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Marsh, P. J., Moule, Cardamone, Simons and Del Vecchio, JJ.